FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

03 MAR 24  PH 1:56

U.S. DISTRICT COURT
N.D. OF ALABAMA

LISA PHILLIPS,           )
                         )
        Plaintiff,       )
                         )        CIVIL ACTION NO.
v.                       )        02-AR-2412-S
                         )
STATE FARM MUTUAL AUTOMOBILE  )
INSURANCE COMPANY, et al.,    )
                         )
        Defendants.      )

ENTERED

MAR 24 2003

### MEMORANDUM OPINION

Although the motion to compel filed by plaintiff, Lisa Phillips
("Phillips"), on February 14, 2003, was the ostensible reason for placing
the above-entitled case on the motion docket of March 21, 2003, the court
had another reason, namely, to address the question of this court's
subject matter jurisdiction, always at the forefront of this court's
consideration.  If Phillips was successful in amending her complaint on
November 19, 2002, to add Brandon Keith Snerling ("Snerling") as a
defendant, this court lost jurisdiction, because Snerling is an Alabama
citizen, as is Phillips.  The amendment was filed after defendant, State
Farm Mutual Automobile Insurance Company ("State Farm"), had filed its
answer, and it was filed without leave of court.  Rule 15(a), F.R.Civ.P,
precludes such an amendment if filed without leave of court.  However,
the scheduling order entered on November 19, 2002, gave Phillips until
March 10, 2003, to join additional parties and to amend her complaint.
This court has previously held that such a scheduling order does not
eliminate the requirement that leave be obtained before the deadline for
amendments, but the ambiguity created by such a scheduling order gives
this court the discretion to allow the amendment after-the-fact,



particularly when a formal motion to strike the amendment has never been filed.   If Phillips had filed a motion for leave to amend to add Snerling, State Farm could, of course, have conceded the motion and accepted an automatic remand, or it could have opposed the motion on the ground that Snerling, although a proper party, is not an indispensable party and that Phillips should not be allowed to destroy this court's diversity jurisdiction by the device of adding a non-diverse party.   What this court would have done under such circumstances is necessarily speculative, but this court is now given an opportunity to rule on that very question in light of State Farm's invited oral motion to strike and Phillips' invited oral motion to remand.

This court agrees that Snerling, who is the allegedly uninsured motorist who injured Phillips, is not an indispensable party, but he is certainly a proper party, and his participation may add a helpful dimension to the case.   Therefore, State Farm's oral motion to strike the amendment will be denied, and Phillips' oral motion to remand will be granted by separate order.

DONE this _24th_ day of March, 2003.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE